# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1075V
### Filed:  March 2, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

KAREN COMEIRO,       *

                        *

          Petitioner,     *      Ruling on Entitlement; Concession;
     v.                    *      Trivalent Flu Vaccine; Injection Site
                        *      Injury; Special Processing Unit
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *

                        *

          Respondent.    *

                        *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Erika Todd, Esq., Arrowood Peters LLP, Boston, MA for petitioner.*
*Justine Walters, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

      On November 4, 2014, Karen Comeiro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq,*[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered injuries to include "severe blistering and disfigurement at the injection site" which were caused by the trivalent flu vaccine she received on October 8, 2013.[3]  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Petition at 1.  Initially, petitioner also alleged that she suffered an adverse effect on her rheumatoid arthritis (an ongoing condition) because she was forced to abstain from taking at least one of her rheumatoid arthritis medications which was interfering with the healing of the injection site injury.  Petition at 4-5.  Respondent disputes vaccine causation for this additional injury.  *See* Respondent's Rule 4(c) Report ["Res. Report"] at 2, 9-10.  On March 2, 2015, petitioner's counsel informed the OSM staff attorney managing this case by email that petitioner had agreed to narrow her claim to exclude any claim of aggravation of her rheumatoid arthritis.

On February 27, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Res. Report at 2. Specifically, respondent "concedes that petitioner is entitled to compensation for the local skin reaction that she sustained in her left arm [but] . . . denies that compensation is appropriate for petitioner's claim that she suffered from an aggravation of her rheumatoid arthritis as a sequela of her injury." *Id.*; *accord. id* at 9-10. Petitioner has agreed to limit her claim to the injury to which respondent concedes. *See supra* note 3. Respondent agrees that petitioner's injury lasted for more than six months. Res. Report at 9-10.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master